IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                     CR. NO. S-09-0022 GGH

    vs.                               ORDER

JOSEPH C. CROISSANT,

        Defendants.
_____/

*Introduction and Summary*

        Defendant, Joseph Croissant, as have many defendants before him, seeks to suppress evidence seized at the entry checkpoint of a closed military installation, here the Tracy Defense Depot, aka Sharpe Army Depot. Under well established law, defendant cannot prevail.

*Facts*

        Defendant, a passenger in a vehicle driven by Marco Garza, attempted entry at the Tracy Defense Depot on October 28, 2009. The entry officer directed defendant to an inspection point to be searched for prohibited items, which include unlawful substances. After Garza denied having any prohibited items, his vehicle was searched. Within a duffle bag found in the vehicle, officers found an altoids can containing what appeared to be marijuana. Garza admitted that the presumed marijuana was his.

1         At this time, defendant was approached by an officer who asked him if he had any illegal substances. Defendant volunteered that he had marijuana in his possession, and surrendered a small baggie of the substance. Defendant was cited for the possession of marijuana, 21 U.S.C. § 844(a), and this case ensued.

*Discussion*

        The undersigned fully adopts the discussion of the United States in the Opposition to the Motion to Suppress. As noted by the government, the opposition is in accord with previous opinions of the undersigned on the subject of searches conducted at "closed" military base entry points as well as the great weight of authority. <u>See</u> <u>also</u> <u>United States v. Gallock</u>, CR 07-0309, Order of November 22, 2007 (search for controlled substances within the proper scope of a search at a military entry point).

*Conclusion*

        The motion to suppress (Docket # 9) is denied.

        Trial confirmation is set for May 11, 2009; jury trial is set for June 23, 2009. As discussed in court on April 27, 2009, the parties and the court have agreed to toll the Speedy Trial Act because government counsel (a student in the misdemeanor program) will no longer be with the United States Attorney's Office and new government counsel will have to be found whose schedule is compatible with a new case. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice will be served by allowing the government to obtain substitute counsel to try the case. The Act is tolled on this ground from April 27, 2009 through and including June 23, 2009, the date set for trial.

DATED: April 29, 2009         /s/ Gregory G. Hollows

                                          UNITED STATES MAGISTRATE JUDGE

croissant.supp